# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES PRESTRIDGE,

Plaintiff,

vs.

ELDON K. MCDANIEL, et al.,

Defendants.

Case No. 3:08-CV-00557-ECR-(VPC)

**ORDER**

Defendants have removed (#1) this action to this Court from the Seventh Judicial District Court of the State of Nevada, White Pine County. The Court has reviewed the Complaint pursuant to 28 U.S.C. § 1915A. The Court finds that Plaintiff has failed to state any federal-law claims upon which relief may be granted, and the Court remands the action to the state court on the state-law claims.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and

are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

At all relevant times, Plaintiff was a prisoner in the custody of the Nevada Department of Corrections. He alleges that he escaped from custody in Chula Vista, California, while being transported to North Dakota. He was arrested in Reno, Nevada, and sent to the Ely State Prison. Prison officials charged him with various disciplinary violations regarding his escape, and Plaintiff admitted to them all. As a result, Plaintiff was placed in disciplinary segregation for four years, and ordered to pay restitution. He was also classified as a high risk potential inmate and placed in administrative segregation after his term in disciplinary segregation expired.

The Complaint contains fourteen counts. Counts I through VII raise both federal-law and state-law claims. Counts VIII through XIV raise only state-law claims.

In Count I, Plaintiff alleges that Defendants failed to address the issues in a grievance that Plaintiff was never given any notice that he was exposed to being designated a high risk potential inmate. Plaintiff does not have a federal constitutional right to an effective grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order).

In Count II, Plaintiff alleges that Defendants McDaniel and Endel did not give him proper notice of, nor allowed him to attend, the classification hearing that resulted in his classification as a high risk potential inmate. Plaintiff does not have a federal liberty interest in a particular security level. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

In Count III, Plaintiff alleges that Defendant McDaniel violated due process by implementing Plaintiff's high risk potential designation as placement in administrative segregation. As noted above, Plaintiff has no federal liberty interest in a particular security level. He also does not have a federal liberty interest in remaining free from administrative segregation. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

In Count IV, Plaintiff alleges that Defendants violated due process by extending his high risk potential and administrative segregation status past the expiration of his term of

disciplinary segregation. The reasons why Count III does not state a federal-law claim apply equally to this count.

In Count V, Plaintiff alleges that Defendants violated the First, Eighth, and Fourteenth Amendments by retaliating against Plaintiff for his attempts to expose prison officials' misconduct in failing to impede his escape. First, Defendants' acts of keeping Plaintiff in a closer custody are not retaliation, but the consequences of Plaintiff proving that he was a high risk of escape. Second, Plaintiff himself admitted to the violations with which he was charged; he cannot escape from the consequences of his escape from custody by blaming somebody else.

In Count VI, Plaintiff alleges that Defendants violated the First, Eighth, and Fourteenth Amendments by retaliating against Plaintiff in designating him a high risk potential inmate and placing him in administrative segregation. As noted above, Plaintiff has no right to be free from either status. Furthermore, the reasons why Count V does not state a federal-law claim apply equally to this count.

In Count VII, Plaintiff alleges that the conditions in administrative segregation violate the First, Eighth, and Fourteenth Amendments. He compares the conditions in the general population with the conditions in segregated confinement. Compl, pp. 12-14. As noted above, Plaintiff has no right to remain free from administrative segregation. May, 109 F.3d at 565. Furthermore, while the conditions in segregated confinement are more restrictive than the conditions in the general population, Plaintiff's allegations show that he is not being deprived of any human necessities. Id. at 565-66.

Plaintiff's remaining claims concern issues of state law. The Court declines to exercise its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Consequently, the Court will remand this action to state court. 28 U.S.C. § 1447(c).

IT IS THEREFORE ORDERED that the federal-law claims in Counts I through VII are **DISMISSED** for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that this action is **REMANDED** to the Seventh Judicial District Court of the State of Nevada, White Pine County. The Clerk of the Court shall mail a certified copy of this Order to the clerk of the Seventh Judicial District Court.

IT IS FURTHER ORDERED that the Clerk of the Court shall administratively close this action.

DATED: December 29, 2008

EDWARD C. REED
United States District Judge